IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| JASON LEO BENTLY,<br><br>Plaintiff,<br><br>vs.<br><br>SUMMIT TOWER SOLUTIONS, LLC and JAMES WESTERHOFF,<br><br>Defendants. | No. C15-2111<br><br>RULING ON MOTION TO STAY |

This matter comes before the Court on the Renewed Motion for Equitable Stay (docket number 29) filed by Defendant James Westerhoff on November 23, 2016, and the Resistance (docket number 30) filed by Plaintiff Jason Leo Bently on December 6. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. PROCEDURAL HISTORY

In November 2015, Bently filed a petition at law in the Iowa District Court for Black Hawk County seeking damages against Summit Tower Solutions ("Summit") and Westerhoff for alleged breach of contract, wrongful termination in violation of public policy, and unpaid wages. The action was removed to this Court on December 28. On January 7, 2016, Defendants filed a motion to dismiss claiming lack of personal jurisdiction and improper venue.

On March 2, 2016, Summit filed a notice of automatic stay, stating it had filed a voluntary petition in the United States Bankruptcy Court for the Western District of Oklahoma on February 29, 2016, seeking relief under Chapter 7 of the United States Bankruptcy Code. On March 14, Judge Edward J. McManus acknowledged the automatic stay for Summit and ordered Defendants' counsel to file quarterly status reports on the

progress of the bankruptcy case. In the same order, Judge McManus denied the motion to dismiss and referred the case to a magistrate judge "to determine if jurisdiction exists."

On September 6, 2016, I filed a Report recommending the district court find the jurisdictional threshold found in 28 U.S.C. § 1332(a) is met in this case and federal jurisdiction exists. No objections were filed, and Judge McManus accepted the report and recommendation in an order filed on September 22, 2016. Meanwhile, on March 25, 2016, the Court extended the deadline for submitting a proposed scheduling order "until after the issue of subject matter jurisdiction has been resolved." While that issue was resolved on September 22, a proposed scheduling order and discovery plan has not been submitted.

On November 23, 2016, Westerhoff filed the instant motion for equitable stay, asking that the action in this case be stayed pending resolution of Summit's bankruptcy proceeding.[1] Bently asks that the request for stay be denied.

## II. BACKGROUND

According to an affidavit filed by Westerhoff in support of Defendants' motion to dismiss, Summit is in the business of "general cell tower contracting." Westerhoff is the "owner" of Summit. On about March 24, 2014, Summit hired Bently pursuant to an Employment Agreement. While the agreement is somewhat imprecise regarding Bently's duties, it provides for an annual salary of $156,000, plus potential bonuses. The initial term of the agreement was 3 years, although Bently could terminate the agreement by giving 90 days notice. Summit could terminate the agreement "immediately" for cause, or could terminate the agreement without cause by providing seven days written notice to Bently. Bently's employment with Summit was terminated during the last week of

---

[1] Westerhoff's initial Motion for Equitable Stay (docket number 27) was filed on the previous day, November 22, but was denied without prejudice for failing to comply with Local Rule 7.*l*.

November, 2014.² According to Westerhoff, Bently was notified of his termination by email. In an affidavit filed in resistance to Defendants' motion to dismiss, Bently asserts he was terminated from his employment without good cause and without seven days written notice.

In his petition, Bently asserts that Summit "may be insufficiently capitalized and/or a shell corporation . . . and would result in individual liability against Westerhoff."³ No other allegation is made against Westerhoff in his individual capacity.

### III. DISCUSSION

The issue presented by the instant motion is whether litigation may continue when one co-defendant (the "debtor") obtains a stay in bankruptcy court, while the other co-defendant (the "non-debtor") has not sought bankruptcy protection. Here, Summit — which is wholly owned by Westerhoff — is the "debtor" in a bankruptcy proceeding and has obtained an automatic stay. Westerhoff, the "non-debtor" is not protected by the stay afforded Summit in the bankruptcy court.

"It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants." *American Prairie Const. Co. v. Hoich*, 560 F.3d 780, 789 (8th Cit. 2009) (quoting *Teachers Ins. and Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986)). Accordingly, the stay obtained by Summit in bankruptcy court would generally not afford Westerhoff any relief. Westerhoff asserts, however, that the claim of "piercing the corporate veil" justifies an exception in this case.

In support of his argument that the instant litigation should be stayed pending a resolution of the bankruptcy proceeding, Westerhoff cites *Cocoletzi v. Fat Sal's Pizza Corp.*, 2015 WL 4655164 (S.D.N.Y. 2015). A close reading of *Cocoletzi* reveals,

---

² In his petition, Bently claims he was notified of his termination on November 24, 2014. In his resistance to Defendants' motion to dismiss, Bently avers he was terminated "around November 26, 2014." In his affidavit, Westerhoff states Bently was terminated on November 29, 2014.

³ Petition at Law (docket number 3) at 1, ¶ 3.

3

however, that it is inapposite. There, the plaintiffs sued two corporations and two individuals. It was alleged that the corporations were the individuals' "alter egos." One of the individual defendants filed for bankruptcy protection and received an automatic stay. The Court concluded that the alter ego claim could not proceed against the corporations, because it would have an immediate effect on the protected debtor.[4] In the instant action, however, it is the *corporation* which has sought bankruptcy protection, not the *individual*. Because a successful alter ego claim would result in judgment against Westerhoff (a non-debtor) and *not* against Summit (the protected debtor), it would have no impact on the bankruptcy estate.

Citing the Second Circuit Court of Appeals, the *Cocoletzi* Court identified two exceptions to the general rule that a stay does not apply to a non-debtor. Generally, an exception applies "when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's state." *Id.* An "immediate adverse economic consequence" may occur when there is an established legal relationship between the debtor and non-debtor which will "ensure that a judgment against the non-debtor will diminish the debtor's bankruptcy estate." *Id.* For example, where the debtor (in this case Summit) is a guarantor for the non-debtor's (Westerhoff's) debts. Westerhoff offers no suggestion that such a relationship exists here. The second exception noted by *Cocoletzi* is "those instances in which the debtor wholly owns a nondebtor corporation." *Id.* at *5. Here, it is the non-debtor (Westerhoff) who owns the debtor corporation (Summit).

Similarly, in *Ritchie Capital Management, LLC v. Jeffries*, 653 F.3d 755 (8th Cir. 2011) — a case also cited by Westerhoff — the Court recognized the "inherent equitable authority" of a federal court supervising an equity receivership to issue a variety of ancillary relief to protect the receivership, including staying litigation. *Id.* at 762. The

---

[4] The Court in *Cocoletzi* nonetheless denied the request for a stay, and permitted the litigation to proceed against the remaining defendants, by severing the alter ego claim against the protected individual. *Id.* at *5.

4

Court cautioned, however, that "[t]he court's equitable powers do not reach cases that pose no threat to the assets of the receivership." The Court noted the similarity between the equitable powers of a receivership court and those of the bankruptcy court. "The bankruptcy court can stay actions against any party, even a non-debtor, whenever the objective of the action is to obtain possession or exercise control over the debtor's property." *Id.* Exceptions are rare and typically arise when "a judgment against the third-party defendant will in effect be a judgment or a finding against the debtor." *Id.* Here, a judgment against Westerhoff is *not* a judgment against Summit and, therefore, does not threaten the bankruptcy estate.

In summary, because a judgment against Westerhoff in this action will not have an "immediate adverse economic consequence" on Summit, and because a judgment against Westerhoff does not threaten the bankruptcy estate, I conclude that the automatic stay afforded to Summit does not prevent Plaintiff from pursuing his claim against Westerhoff. The motion for stay will be denied.

## IV. ORDER

**IT IS THEREFORE ORDERED** that the Renewed Motion for Equitable Stay (docket number 29) filed by Defendant is **DENIED**.

DATED this 12th day of December, 2016.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA